UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE PALAZZOLO,

    Plaintiff,

v.                                                                                           Case No. 09-10043

KULWINDER SINGH MANN, and
THE BUFFALO GROUP OF                                              HONORABLE AVERN COHN
COMPANIES, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANTS' MOTION FOR A PROTECTIVE ORDER**[1]

I.  Introduction

This case is a tort case for damages resulting from injuries sustained in a motor vehicle accident.  Plaintiff Julie Palazzolo says she was injured when a vehicle owned by defendant the Buffalo Group of Companies, Inc. and driven by defendant Kulwinder Singh Mann failed to maintain its lane and struck her while she was driving.  Plaintiff has sued defendants claiming negligence (count I) and seeks damages in excess of the limitations allowable under the Michigan No-Fault Act (count II).

Before the Court is defendants "Motion for Qualified Protective Order and Authorization Pursuant to Health Insurance Portability Act and Accountability Act (HIPAA)," 42 U.S.C. § 1320d et seq.  The issue presented is whether a protective order,

---

[1]The Court originally scheduled this matter for hearing.  Upon review of the parties' papers, however, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

consistent with HIPPA, may contain a provision that allows for defendants' counsel to conduct ex parte interviews with plaintiff's treating physicians. The answer is yes. For the reasons that follow, the motion is GRANTED.

## II.  Background

On November 12, 2008, plaintiff filed her complaint in state court. Defendants removed the case to federal court on the grounds of diversity of citizenship.

On January 8, 2009, defendants sent a proposed protective order to plaintiff's counsel seeking access to plaintiff's medical records in accordance with HIPPA. On January 13, 2009 Plaintiff's counsel rejected the proposed protective order. Defendants then filed the instant motion.

## III.  Analysis

### A.  Parties' Arguments

Defendants contend that under Michigan law, defense counsel are allowed to conduct ex parte interviews of a plaintiff's treating physicians in cases such as this where the plaintiff has instituted an action involving claims of personal injuries. They also argue that plaintiff has waived any physician-patient privilege when she filed a complaint putting her medical condition at issue. Defendants further argue that Michigan law and federal law specifically allows for a qualified protective order which permits defense counsel to conduct ex parte oral interviews with plaintiff's treating physicians, if the qualified protective order is consistent with applicable federal regulations implementing HIPPA.

Plaintiff says that waiving the physician-patient privilege under Michigan law does not waive her protections under HIPAA. Plaintiff also says that HIPAA is designed to

2

protect against the communication of medical information without the consent of the patient and discourages informal discovery such as ex parte meetings. Plaintiff argues that the intent of HIPAA cannot be reconciled with Michigan's pre-HIPAA cases finding that ex-parte meetings are permitted. Plaintiff asks that the Court deny defendants' motion or in the alternative, order Defendant to give notice to Plaintiff of any ex parte meetings with plaintiff's treating physicians and order defendant to advise plaintiff's treating physicians they are not required to comply with defendant's request for ex parte meetings.

### B. Discussion

As an initial matter, plaintiff has put her medical condition at issue in this case and as such, defendants are entitled to discovery regarding her medical condition in order to properly defend themselves. Michigan law is well established, prior to HIPAA, that the filing of a personal injury action generally waived the statutory physician-patient privilege regarding any injury at issue in the case, see M.C.L. § 600.2157, and that a defendant was permitted to meet ex parte with the plaintiff's treating physician as part of discovery. See Domako v. Rowe, 438 Mich. 347 (1991). Federal law is in accord. See Harahara v. Northville, No. 07-CV-12650, 2007 WL 2713847, * 2 (E.D. Mich. Sept. 18, 2007) (citing Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992)).

Under HIPAA, however, the filing of a lawsuit does not waive the disclosure of confidential health information and HIPAA establishes certain procedures by which confidential health information may be disclosed. Clearly, HIPAA supercedes Michigan law to the extent that its protections and requirements are more stringent than those provided by state law. See Law v. Zuckerman, 307 F. Supp. 2d 705, 711 (D. Md. 2004).

Defendants maintain that even under HIPAA, they are permitted to have ex parte communications with plaintiff's treating physicians so long as an appropriate protective order is in place. Plaintiff contends otherwise.

As a general matter, HIPAA and the regulations promulgated by the Secretary of Health and Human Services in the Code of Federal Regulations set forth the baseline for the release of health information. The starting point for the HIPAA regulations at issue is 45 C.F.R. § 164.512 which governs the disclosure of confidential health information in judicial proceedings. 45 CFR § 164.512(e)(1) provides in part as follows:

> Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:
>
> (i) In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order, or
>
> (ii) In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:
>
> (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or
>
> (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

This section does not explicitly mention ex parte interviews. However, the Michigan Court of Appeals recently addressed the question, presented here, of whether ex parte interviews are permitted under HIPAA so long as there is a protective order in place. The Michigan Court of Appeals concluded it does, explaining:

> While 45 CFR 164.512(e)(1)(ii) does not specifically address oral communications, neither does it exclude oral or spoken information from the regulations governing disclosure of protected health information.  As our Supreme Court observed in Domako, supra at 362, 475 N.W.2d 30, where rules are not meant to be exhaustive, "the omission of oral interviews does not mean that they are prohibited."  In fact, 45 CFR 160.103 specifically provides that HIPAA applies to both oral and written information, and 45 CFR 164.512(e)(2) makes clear that the regulations concerning qualified protective orders "do not supersede other provisions of this section that otherwise permit or restrict uses or disclosures of protected health information." Thus, as the federal district court determined in Bayne,[2] supra at 241, "if a qualified protective order, consistent with [45 CFR 164.512(e) ], was in place then an ex parte discussion with the health provider would be appropriate."
>
> Plaintiff argues that it should be sufficient for defendant to rely on written medical records or to depose Clippert's physicians if more information is desired.  However, as our Supreme Court observed in Domako, supra at 360, 475 N.W.2d 30, it is "routine practice ... to talk with each witness before trial to learn what the witness knows about the case and what testimony the witness is likely to give" and "[t]here is no justification for requiring costly depositions ... without knowing in advance that the testimony will be useful."  Id. at 361, 475 N.W.2d 30.
>
> The circuit court erroneously concluded that oral interviews cannot be the subject of qualified protective orders under HIPAA.  Quite simply, defendants may conduct an ex parte oral interview with Clippert's physician if a qualified protective order, consistent with 45 CFR 164.512(e)(1), is first put in place.  Bayne, supra at 241

Holman v. Rasak, 281 Mich. App. 507, 512-13 (2008).  The Court agrees with the holding in Holman.  Defendants may conduct ex parte interviews with plaintiff's treating physicians consistent with HIPAA.  Defendants have also cited numerous cases by courts in various jurisdictions, including this district, who have held that ex parte interviews are permitted under HIPAA so long as there is a protective order in place consistent with 45 C.F.R. § 164,5132(e).  There is no need to cite these cases here, other than to note that they are consistent with the court of appeals' decision in Holman.

---

[2] Bayne v. Provost, 359 F. Supp. 2d 234 (N.D.N.Y. 2005).

As to the requirements of the ex parte interviews, another judge in this district considered the issue and set forth the following parameters:

> . . . under 45 C.F.R. § 164.512(e)(1)(ii)(B), a qualified protective requires neither specific notice to Plaintiff's counsel nor Plaintiff's consent before Defendant may interview Plaintiff's treating physician ex parte.  It does, however, require clear and explicit notice to Plaintiff's treating physician both as to the purpose of the interview and to the fact that the interview is not required.  Only by complying with these restrictions, and the requirements made explicit under the statute, may Defendant conduct an ex parte interview with Plaintiff's treating physician.

Croskey v. BMW of North Am., No. 02-73747, 2005 WL 4704767, * 5 (E.D. Mich. Nov. 10, 2005).[3]  The Court agrees that these requirements are reasonable and in keeping with HIPAA's regulations.

Defendants submitted a draft protective order, attached as Exhibit C to their motion.  The draft order meets the requirements set forth in this decision.  As such, the Court will enter the order.

SO ORDERED.


Dated: March 19, 2009

 s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 19, 2009, by electronic and/or ordinary mail.

 s/Julie Owens  
Case Manager, (313) 234-5160

---

[3] The district court adopted these requirements from a case in the Northern District of New York, Bayne v. Provost, 359 F. Supp. 2d 234 (N.D.N.Y. 2005), also cited by the court of appeals in Holman.