UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIE PALAZZOLO,

    Plaintiff,

v.                                          Case No. 09-10043

KULWINDER SINGH MANN, and
THE BUFFALO GROUP OF             HONORABLE AVERN COHN
COMPANIES, INC.,

    Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING PLAINTIFF'S MOTION TO DISMISS
AND DISMISSING CASE WITH PREJUDICE AND WITHOUT COSTS[1]**

I.

This case is a tort case for damages resulting from injuries sustained in a motor vehicle accident. Plaintiff Julie Palazzolo says she was injured when a vehicle owned by defendant, the Buffalo Group of Companies, Inc., and driven by defendant Kulwinder Singh Mann failed to maintain its lane and struck her while she was driving. Plaintiff is suing defendants claiming negligence (count I) and asks for damages in excess of the limitations allowable under the Michigan No-Fault Act (count II). As will be explained, plaintiff is now proceeding pro se.

Before the Court is plaintiff's motion to dismiss. Defendants do not object to dismissal; however, they argue that a dismissal should be with prejudice or if the dismissal is without prejudice, that plaintiff be assessed costs.

---

[1]The Court originally scheduled this matter for hearing. Upon review of the parties' papers, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(e)(2).

For the reasons that follow, plaintiff's motion will be granted and the case will be dismissed with prejudice and without costs.

## II. Background

On November 12, 2008, plaintiff filed her complaint in state court. Defendants removed the case to federal court on the grounds of diversity of citizenship.

The parties then engaged in discovery which included a dispute over a proposed protective order seeking access to plaintiff's medical records. The Court resolved the dispute, which involved the issue of whether defense counsel are allowed to conduct <u>ex parte</u> interviews of a plaintiff's treating physicians, in favor of defendants and granted their motion for a protective order. <u>See</u> Memorandum and Order filed March 19, 2009.

Thereafter, discovery proceeded uneventfully. On August 17, 2009, defendants filed a motion for summary judgment to strike plaintiff's excess wage loss claim (count II of the complaint). As explained below, plaintiff has not filed a response to the motion.

On August 24, 2009, defendants filed a motion for summary judgment to strike plaintiff's head injury claim. This motion was resolved on August 26, 2009 by stipulation (plaintiff agreed to dismiss the claim).

On September 1, 2009, plaintiff's counsel filed a motion to withdraw, citing a breakdown of the relationship. The Court granted the motion on September 23, 2009. The order provided that within 45 days plaintiff must have new counsel enter an appearance or inform the Court that she will proceed pro se. Plaintiff did not obtain new counsel. As such, plaintiff began proceeding <u>pro se</u> as of September 23, 2009.

On December 3, 2009, the Court entered an order requiring plaintiff to respond to defendants' motion for summary judgment regarding her excess wage loss claim. The order directed plaintiff to file a response by January 15, 2009. Plaintiff did not do so.

2

Instead, plaintiff wrote a letter to the Court requesting assistance. The Court, through its case manager, responded by letter dated December 21, 2009, stating that plaintiff must file a response to defendants' motion by January 15, 2009 or the case could be dismissed.

Meanwhile, on January 7, 2010, defendants filed a motion to dismiss on the grounds that plaintiff has refused to comply with court orders to appear for an independent medical examination. On January 15, 2010, the Court entered an order requiring plaintiff to file a response to this motion by February 22, 2010.[2]

On January 21, 2010, plaintiff filed a letter in which she stated that she is willing to "dismiss" the case and asks that it be "without any costs." The Court construed the letter as a motion to dismiss. As noted above, defendants filed a response, contending that any dismissal should be with prejudice or if the dismissal is without prejudice, plaintiff should pay costs.

### III. Analysis

Under Rule 41, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Unless the order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. Id. The matter is well-defined by the Sixth Circuit:

> Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court. The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment. Generally, an abuse of discretion is found only where the

---

[2]In light of plaintiff's request for dismissal, it is not necessary for plaintiff to respond to defendants' motion or for the Court to wait for a response before entertaining plaintiff's motion.

defendant would suffer "plain legal prejudice" as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit.

In determining whether a defendant will suffer plain legal prejudice, a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

Grover ex rel. Grover v. Eli Lilly & Co., 33 F.3d 716, 718 (6th Cir.1994) (citations omitted). The Sixth Circuit considers Grover to be a guide to determining if unfairness exists, but the list is "not an exclusive or mandatory list." Rosenthal v. Bridgestone/Firestone, Inc., 217 Fed. Appx. 498, 502 (6th Cir. 2007).

Here, considering the Grover factors, a dismissal with prejudice and without costs is appropriate. Defendants have actively litigated this case since late 2008. They have filed three dispositive motions, the latest of which is based on plaintiff's refusal to submit to an independent medical exam. Clearly, defendants have expended a significant amount of time and effort in defending the case. For her part, plaintiff has not been diligent in pursuing the case.

Accordingly, plaintiff's motion is GRANTED. The case is DISMISSED WITH PREJUDICE and WITHOUT COSTS.

SO ORDERED.

Dated: February 18, 2010
s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Julie Palazzolo, 30013 Hickory Drive, Flat Rock, MI 48134 and the attorneys of record on this date, February 18, 2010, by electronic and/or ordinary mail.

s/ Julie Owens
Case Manager, (313) 234-5160